UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2013 NOV -5 A 10: 36
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CASE NO.: 3:13-cv-1363-J-32JBT

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.

JOSEPH LANTIGUA and
MRWINK2, LLC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), sues Defendants, JOSEPH LANTIGUA and MRWINK2, LLC ("MRWINK2"), for a declaration that no proceeds are payable under a life insurance policy issued by American General to Jose Lantigua because no satisfactory proof of the insured's death has been submitted and/or because the insured is not deceased, and states as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2. American General is a Texas corporation with a principal place of business in Texas, and therefore is a citizen of Texas.

3. Defendant, Joseph Lantigua, is a citizen of Florida and a resident of Duval County, Florida.

4. Defendant, MRWINK2, LLC is a Florida corporation with a principal place of business in Jacksonville, Duval County, Florida and therefore is a citizen of Florida.

5. The amount in controversy exceeds $75,000, exclusive of interest, costs and attorney fees.

6. American General issued policy number YME1138179, insuring the life of Jose Lantigua, with a Date of Issue of November 15, 2010 (the "Policy"). The Policy was to pay a death benefit of $2,000,000 in the event of the insured's death during the policy period, and all other terms and conditions of the Policy were satisfied. A copy of the Policy is attached hereto as Exhibit 1.

7. Defendant, Joseph Lantigua, is listed as the sole beneficiary of the Policy.[1]

8. Defendant, MRWINK2 has asserted that it is the assignee of the Policy pursuant to the terms of the insured's will. American General has advised MRWINK2 that it does not consider the purported assignment to be valid and does not consider MRWINK2 to be the assignee of the Policy. Nevertheless, MRWINK2 has maintained its position that it is the assignee of the Policy.

9. With respect to payment of any proceeds under the Policy, the Policy provides, in part, as follows:

> **PAYMENT OF PROCEEDS**
>
> We will pay the face amount of this policy in a lump sum or under a selected Payment Option to the beneficiary if the Insured dies prior to the Final Expiry Date and while this policy is in force.
>
> Upon receipt of due proof of the Insured's death, We will pay the beneficiary the face amount. We will add to the face amount the part of any premium paid for the period beyond the policy month in which the

---

[1] The application originally designated Joseph Lantigua as 50% beneficiary, but the beneficiary designation was subsequently changed such that Joseph Lantigua was named 100% beneficiary.

{27273356;1}

2

> Insured's death occurs. If death occurs during the grace period of an unpaid premium, an amount equal to one month's premium will be deducted from the proceeds.
>
> Due proof of the Insured's death will consist minimally of Our Company claim form completed by the beneficiary and a certified copy of the death certificate of the Insured.
>
> Interest as required by law will be added to the proceeds payable under this Policy.

10. Defendant Joseph Lantigua submitted a claim form dated July 3, 2013. According to the claim form, the insured died on April 17, 2013.

11. Defendant Joseph Lantigua has also submitted a number of other documents in support of the claim, including a Report of Death of an American Citizen Abroad dated May 17, 2013, a completed foreign death questionnaire, a copy of the insured's memorial service program, a copy of a Spanish language cremation certificate from Venezuela (where the insured purportedly died and was cremated), and a photocopy of a Venezuelan death certificate.

12. Since the submission of the claim, American General has discovered that a number of the documents and/or information submitted in support of the claim appear to be false, misleading and/or questionable and do not constitute sufficient due proof of the insured's death.

13. Such false, misleading and/or questionable information and documentation includes, but is not limited to, the following:

   (a) The physician who signed the death certificate attesting to the cause of death never received or examined the insured's body.

   (b) The signature of one of more of the witnesses to the death certificate were forged.

   (c) There are no records of compliance with numerous Venezuelan legal requirements regarding the disposition of bodies, such as an autopsy for natural

deaths occurring outside of a hospital or assistance and investigation by governmental authorities for accidental deaths of unknown persons presented without families.

(d) The insured's body was purportedly cremated at a crematorium located approximately 250 miles from the location of the purported death, even though there are a number of crematoria located closer. The cremation purportedly did not occur until four days after the insured's death, even though the insured's body was purportedly not prepared in any way prior to the cremation and likely would have rapidly decomposed during the lengthy travel in high temperatures.

(e) There is no record of any permit being issued to transport the insured's body from the purported place of death to the purported place of cremation, nor any record of any funeral home at the location of the purported death providing assistance with any such transportation or handling of the insured's body.

(f) The affidavit purportedly attesting to the insured's cremation was falsified.

(g) The crematorium representative who supposedly conducted the cremation never actually conducted a cremation, and was paid money to generate or assist in the generation of falsified documents.

(h) At least two other individuals were also involved in the plan to generate and/or obtain falsified documents in an effort to create evidence of the insured's purported death.

14. Because Defendant Joseph Lantigua has not established that the insured in fact died while the Policy was in force by submitting sufficient due proof of death, no proceeds are

payable, and American General has not paid the claim for the Policy's death benefits to Defendant Joseph Lantigua, Defendant MRWINK2 or any other person or entity.

15. The parties are in doubt as to their rights and remedies under the Policy, and there is a genuine dispute between the parties as to whether the Policy's death benefits are due.

16. By the terms and provisions of 28 U.S.C. § 2201 et seq., this Court is vested with power to declare the rights and liabilities of the parties and to give such other and further relief as may be necessary.

17. American General has satisfied all conditions precedent to bringing this action.

**WHEREFORE,** Plaintiff, American General Life Insurance Company, requests that this Court:

(a) Find and declare that American General is not liable for any proceeds of the Policy because the insured did not die while the Policy was in force and/or because Defendant(s) has/have not submitted sufficient due proof of the insured's death;

(b) Determine and adjudicate the rights and liabilities of the parties with respect to the American General Policy; and

(c) Grant American General such other and further relief as the Court deems just and proper under the evidence and circumstances.

        Respectfully submitted,

        **AKERMAN LLP**
Attorneys for American General
SunTrust International Center, 25th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095


By:   s/ Gary J. Guzzi
      GARY J. GUZZI
      Florida Bar No.: 159440
      e-mail: gary.guzzi@akerman.com
      JAMES A. BOMBULIE
      Florida Bar No.: 025749
      e-mail: james.bombulie@akerman.com

Date: November 4, 2013