# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                                 Case No. 3:13-cv-1363-J-32JBT

JOSEPH LANTIGUA and
MRWINK2, LLC,

    Defendants.
_____

TRANSAMERICA LIFE
INSURANCE CO.

    Plaintiff,

v.                                                 Case No. 3:14-cv-173-J-32JBT

DAPHNE S. SIMPSON and
MRWINK2, LLC,

    Defendants.
_____

SYNOVUS BANK, a Georgia state
chartered bank,

    Plaintiff,

v.                                                 Case No. 3:14-cv-592-J-32JBT

C.M. LIFE INSURANCE COMPANY,
a Connecticut company,

    Defendant.
_____

SYNOVUS BANK, a Georgia state
chartered bank,

    Plaintiff,

v.                                              Case No. 3:14-cv-593-J-32JBT

JACKSON NATIONAL LIFE
INSURANCE COMPANY, a Michigan
company, as the successor-in-interest
to Reassure America Life Insurance
Company, formerly known as Valley
Forge Life Insurance Company,

    Defendant.

## **O R D E R**

These four consolidated insurance cases are before the Court on the parties' Joint Report Regarding Rescheduling of Pre-Trial Deadlines (Doc. 73) and the Insurers' Joint Motion for Issuance of Letters of Request Requesting the Appropriate Judicial Authority of Venezuela to Compel Testimony and Production of Documents in Venezuela (Doc. 68). A review of the joint report and the briefing on the joint motion (see Docs. 72, 76, 80) reveals some agreement among the parties as to how these cases should proceed, but disagreement as to timing.

First, the parties agree that the current discovery deadline of July 1, 2015 should be extended. But Defendants Joseph Lantigua and Daphne S. Simpson propose extending discovery until October 1, 2015, while the rest of the parties propose April 1, 2016. Upon due consideration, the Court is unwilling to extend discovery as far as next year, finding instead that an October 1, 2015 discovery deadline is appropriate. The Court will set a consolidated status conference to discuss appropriate deadlines

for the remainder of the cases, and direct the parties to file in advance of the status conference a joint report setting forth their proposals on how to proceed towards trial.

Next, the parties agree that the expert disclosure deadlines should be three months and two months before the discovery deadline. But Plaintiffs American General Life Insurance Company and Transamerica Life Insurance Company ask that the Court order disclosure first by insurance claimants then the insurers, rather than the current format of plaintiffs then defendants. Lantigua and Simpson ask to stay with the current format. Upon due consideration, the Court agrees that some party realignment in the disclosures is proper. But as the plaintiffs in the lowest-numbered cases are insurers, the Court will require all insurers to disclose their experts first, followed by all claimants.

Finally, the parties now appear to agree that letters of request should issue for eight witnesses in Venezuela and that each party should have an opportunity to examine the witnesses during any deposition pursuant to the letters. But Lantigua and Simpson ask that any examinations be completed by the current discovery deadline of July 1, 2015. The insurers oppose this deadline. Upon due consideration, the Court agrees that issuance of the letters is appropriate. The Court will not, at this point, set a deadline for completion of the letters process other than the general discovery deadline of October 1, 2015. The Court is concerned about undue delay that may result from this process, however, and will require the parties to report on the status of the process. The parties are further advised that the Court is unlikely to extend the deadline to complete the letters process beyond October 1, 2015 without

3

good cause. The Court also does not control the discovery process in Venezuela and cannot guarantee any particular method of examination. The Court will reserve ruling on the admissibility of the Venezuelan testimony until after it is obtained. See Fed. R. Civ. P. 28(b)(4).

Accordingly, it is hereby

**ORDERED**:

1. The Insurers' Joint Motion for Issuance of Letters of Request Requesting the Appropriate Judicial Authority of Venezuela to Compel Testimony and Production of Documents in Venezuela (Doc. 68) is **GRANTED**.

2. The Clerk is **DIRECTED** to mail a certified copy of this Order and of the attached Letters of Request to attorneys Gary J. Guzzi and Joshua A. Woolsey.

3. The April 28, 2015 status conference is **CANCELED**, and the deadlines set forth in the October 28, 2014 Order (Doc. 53) are **VACATED**. The following deadlines and settings apply to all cases:

| | |
|---|---|
| Joint Report on Status of Letters of Request | **June 1, 2015** |
| Disclosure of Expert Reports           Insurers:<br>Claimants: | **July 1, 2015**<br>**August 1, 2015** |
| Joint Report on Proposals for Proceeding to Trial | **August 28, 2015** |
| Status Conference                              Date:<br>Time:<br>Judge: | **September 3, 2015**<br>**10:00 A.M.**<br>Timothy J. Corrigan |
| Discovery Deadline | **October 1, 2015** |

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

4

bjb
Copies:

Counsel of record

Attachments: Letters of Request

5